# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6312 | **DATE** | 1/3/2011 |
| **CASE TITLE** | Clinical Wound Solutions, LLC vs. Fall et al. | | |

**DOCKET ENTRY TEXT**

Opinion:
Plaintiff Clinical Wound Solutions, LLC's motion for remand [13] is granted. This case is remanded to state court. Defendant Strategic Resource Company is ordered to pay plaintiff's attorney's fees and costs associated with removal. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

     Plaintiff Clinical Wound Solutions, LLC ("Clinical Wound") filed a complaint in the Circuit Court of Cook County naming as defendants Ronda Fall and Strategic Resource Company ("SRC"). According to the complaint, Clinical Wound provided Fall with medical supplies valued at over $7,000. (Compl. ¶¶ 4-5, 13.) Fall signed an Assignment of Benefits directing her insurer, SRC, to pay the insurance benefits for the equipment to Clinical Wound. (*Id.* ¶ 6.) The Assignment contract contained a promise by Fall personally guaranteeing payment for the medical supplies. (*Id.* ¶ 7.) Before providing the supplies, Clinical Wound called SRC to verify Fall's coverage. "SRC unambiguously promised Clinical Wound that Fall's insurance would cover 80% of the cost of the products furnished by Clinical Wound." (*Id.* ¶¶ 15-16.) However, when Clinical Wound submitted its claim, SRC refused to pay. (*Id.* ¶¶ 21-22.)

     Clinical Wound's complaint asserts two claims. Count I alleges that Fall breached her promise to personally guarantee payment of the insurance benefits. Count II seeks damages from SRC under a theory of promissory estoppel. On October 1, 2010, SRC filed a notice purporting to remove the action from state court. (Doc. 1.) According to the notice, Fall is a beneficiary under an ERISA-qualified employee benefit plan. (*Id.* ¶ 5.) ERISA's civil enforcement provisions completely preempt state law claims which seek to recover benefits due under an ERISA plan. ERISA § 502(a)(1)(B); *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). SRC argues that Clinical Wound is seeking to recover insurance benefits owed to Fall; its state law claims are preempted; and thus removal is proper. Clinical Wound moves for a remand to state court for lack of subject matter jurisdiction. (Doc. 13.)

     The court agrees with Clinical Wound that the disposition of this case is controlled by the Seventh Circuit's opinion in *Franciscan Skemp*. In *Franciscan Skemp*, the plaintiff Franciscan Skemp Healthcare, Inc. ("Franciscan Skemp"), a healthcare provider, brought common law negligent misrepresentation and

**STATEMENT**

estoppel claims against Central States Joint Board Health and Welfare Trust Fund ("Central States"), an employee benefit plan. Sherry Romine, who was a beneficiary of Central States by virtue of her employment, sought and received treatment from Franciscan Skemp. Franciscan Skemp called Central States before providing treatment to verify Romine's coverage. Central States made a representation that Romine was covered. However, Romine's coverage was later retroactively rescinded, and Central States refused to pay. Central States sought to remove the suit to federal court, arguing that Franciscan Skemp's claims were preempted by ERISA. The Seventh Circuit held that the suit did not seek to recover benefits due under the plan, and thus was not preempted. 538 F.3d at 598-99. In fact, the parties agreed that Romine was not entitled to any benefits under the plan. Franciscan Skemp merely sought to hold Central States liable on the separate basis of its oral promise to provide coverage. *Id.* at 600.

The facts of this case are indistinguishable from *Franciscan Skemp*. Clinical Wound seeks to enforce an alleged oral promise by SRC to pay for supplies provided to Fall. It does not seek benefits under the plan.

SRC makes three arguments in an attempt to forestall a remand. First, it argues that Clinical Wound has failed to state a claim for promissory estoppel under the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). SRC does not adequately explain how a pleading deficiency would necessitate the court maintaining jurisdiction. In any event, the argument is without merit. *Twombly* and *Iqbal* do not require fact pleading, but simply call for plaintiffs to plead enough factual matter to demonstrate that the claim is plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008). Clinical Wound's complaint clearly meets this standard. In Illinois, a claim for promissory estoppel has four elements: (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on the promise, (3) plaintiff's reliance was foreseeable, and (4) plaintiff suffered damages as a result of its reliance. *Quake Constr., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990). In this case, Clinical Wound alleges that, before providing medical equipment to Fall, it contacted SRC, and "SRC unambiguously promised Clinical Wound that Fall's insurance would cover 80% of the cost of products furnished by Clinical Wound." These allegations are not detailed, but there is sufficient factual matter alleged to put SRC on notice of the claim against it.

Second, SRC attempts to distinguish the facts of *Franciscan Skemp*. SRC argues that this case is different because Clinical Wound has also sued Fall. Fall, the insurance beneficiary, executed an Assignment of Benefits giving Clinical Wound the power to recover Fall's benefits from SRC. Clinical Wound has sued Fall based on a promise in the Assignment of Benefits, and it attaches the Assignment to the complaint. However, this argument is just an attempt to confuse the issues. Clinical Wound does not seek to enforce the Assignment against SRC. Clinical Wound has sued Fall for breach of her promise to guarantee payment of the claim, and it has sued SRC based on a promise which is independent of Fall's rights as a beneficiary. The fact that Fall is a defendant in this action may distinguish this case factually from *Franciscan Skemp*, but SRC points to no meaningful legal distinction.\*

Finally, SRC contends that, during the phone call between Clinical Wound and SRC, Clinical Wound merely inquired about the terms of the policy, and that SRC did not promise to certify a claim. SRC cites *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 (7th Cir. 1996), for the proposition that a plaintiff may not avoid complete preemption by leaving out key facts from the complaint. But even if SRC is correct about the facts, the court is not deprived of jurisdiction because Clinical Wound is not attempting to establish that SRC owes insurance benefits to Fall. If Clinical Wound is ultimately unable to prove that a promise was made as alleged in the complaint, then it will not be entitled to any relief. The terms of Fall's insurance policy are irrelevant to determining the truth or falsity of Clinical Wound's allegation.

**STATEMENT**

Clinical Wound seeks attorney's fees and costs incurred as result of removal pursuant to 28 U.S.C. § 1447(c). The Supreme Court has held that, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). The standard in *Martin* seeks to balance a defendant's interest in obtaining removal where appropriate and a plaintiff's interest in avoiding delays caused by an unjustified removal. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). "If at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Id*. In this case, *Franciscan Skemp* clearly controlled the outcome of this case. SRC was unable to make a reasonable argument to distinguish the holding because the facts of this case are virtually identical. Accordingly, the court will award Clinical Wound its fees and costs associated with removal.

\*      SRC also asserts that this case is distinguishable from *Franciscan Skemp* because, before filing this suit, Clinical Wound attempted to claim Fall's benefits, and SRC denied the claim. As Clinical Wound points out in reply, however, SRC has misstated the facts of *Franciscan Skemp*. Franciscan Skemp did file a claim with Central States based on Romine's assignment of benefits. The claim was rejected because, as Franciscan Skemp learned, Romine had failed to pay her COBRA premiums. Franciscan Skemp did not quarrel with Central States' decision to deny benefits under the ERISA plan. Rather, it sought to hold Central States liable for its oral promise to pay for treatment. 538 F.3d at 597-98.